## FLETCHER v FLETCHER

Docket No. 197454. Submitted December 3, 1997, at Detroit. Decided March 24, 1998, at 9:05 A.M.

John D. Fletcher was granted a judgment of divorce from Debra M. Fletcher in the Macomb Circuit Court, Peter J. Maceroni, J. The judgment incorporated an order for custody of the parties' three minor children entered by Michael D. Schwartz, J., that awarded physical custody of the children to the plaintiff. The defendant appealed. The Court of Appeals, Shepherd, P.J., and Brennan, J. (L. P. Borrello, J., concurring), concluded that the court erred with regard to its determinations concerning the best interests of the child factors b, e, and f of § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3). Applying a de novo standard of review, the Court found that the parties were equal with regard to all the factors, except factor i, which favored the defendant, and reversed the court's order and awarded physical custody to the defendant. 200 Mich App 505 (1993). The plaintiff appealed. The Supreme Court, while agreeing with the Court of Appeals' finding of error regarding factors e and f, concluded that the Court of Appeals erred in applying a de novo standard of review to determine the proper custody arrangement, reversed the judgment of the Court of Appeals in part, and remanded the matter to the trial court for further proceedings. 447 Mich 871 (1994). The Supreme Court instructed that, on remand, the trial court should consider up-to-date information, including the children's current and reasonable preferences, as well as the fact that the children had been living with the plaintiff during the appeal and any other changes in circumstances arising since the trial court's original custody order. The trial court, Michael D. Schwartz, J., conducted evidentiary hearings on remand. The court found that no established custodial environment existed and that custody was to be determined on a showing by a preponderance of the evidence that a particular placement was in the children's best interests. After considering the statutory best interest factors, the court again awarded physical custody to the plaintiff. The defendant appealed.

The Court of Appeals held:

1. Findings of fact in child custody cases are reviewed under the great weight of evidence standard and must be affirmed unless the

evidence clearly preponderates in the opposite direction. Discretionary rulings are reviewed under a palpable abuse of discretion standard. Because a trial court's custody decision is a discretionary dispositional ruling, a custody award should be affirmed unless it constitutes an abuse of discretion. Questions of law in custody disputes are reviewed for clear error. A trial court commits legal error that an appellate court is bound to correct when it incorrectly chooses, interprets, or applies the law.

2. The trial court did not err with regard to its analysis of factors a, b, c, d, and j as alleged by the defendant. The court's findings with respect to these factors are not against the great weight of the evidence.

3. The court, in order to accurately assess under factor a the emotional ties between the parties and the children, was free to consider evidence regarding the defendant's influence on the plaintiff's relationship with the children even though the evidence was also relevant under factor j. The court did not place undue emphasis on this evidence.

4. The court did not commit clear legal error in its analysis of the best interest factors. There was no palpable abuse of discretion in the court's determination that the analysis of the statutory best interest factors supports the award of custody to the plaintiff. The defendant's claim that the court was biased against her has no merit.

Affirmed.

1. DIVORCE — CHILD CUSTODY — APPEAL — STANDARD OF REVIEW.

Findings of fact in child custody cases are reviewed under the great weight of evidence standard and must be affirmed unless the evidence clearly preponderates in the opposite direction; discretionary rulings are reviewed under a palpable abuse of discretion standard; because a court's custody decision is a discretionary dispositional ruling, a custody award should be affirmed unless it constitutes an abuse of discretion; questions of law in custody decisions are reviewed for clear legal error; a court commits clear legal error when it incorrectly chooses, interprets, or applies the law.

2. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF THE CHILD.

The statutory factors to be considered in determining the best interests of the child in a child custody dispute have some natural overlap; a trial court may consider the same evidence under more than one factor where the evidence is relevant to the consideration of each factor (MCL 722.23; MSA 25.312[3]).

*Marilyn A. Knak*, for the plaintiff.

*Marguerite A. Hanes*, for the defendant.

Before: HOLBROOK, JR., P.J., and YOUNG and J. M. BATZER* , JJ.

YOUNG, J. This, defendant's appeal as of right from the trial court's order granting plaintiff physical custody of the parties' three minor children, is the latest leg of a six-year custody marathon in which these parties have made legal history in this state. It remains to be seen whether history will also record that they were as faithful to and as invested in their parental duties as they have been devoted to conducting their internecine legal war of attrition. For the reasons stated below, we affirm the trial court's award of custody to plaintiff.

### I. FACTUAL AND PROCEDURAL HISTORY

#### A. *"FLETCHER I"*

The parties were married in 1975. Plaintiff filed for divorce in 1990. In December 1991, after considering the statutory factors for determining the best interests of the children, the trial court issued an opinion and order granting physical custody of the parties' children to plaintiff. Defendant appealed that order to this Court, which concluded that the trial court erred with regard to factors (b), (e), and (f) of § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3). *Fletcher v Fletcher*, 200 Mich App 505, 513-518; 504 NW2d 684 (1993).[1] Applying a de novo standard of review, this Court found that the parties were equal

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In its 1991 custody decision, the trial court considered the statutory factors provided in 1980 PA 434, MCL 722.23; MSA 25.312(3):

on all factors except factor (i), which favored defendant, and reversed the order and awarded physical custody to defendant. *Id.* at 518-519.

Plaintiff appealed this Court's decision to the Supreme Court, which agreed with this Court's finding of error regarding factors (e) and (f). *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994). However, the Supreme Court concluded that this Court erred in applying a de novo standard of review to determine the proper custody arrangement, and therefore remanded the case to the trial court for further proceedings. *Id.* at 888-890. The Court instructed that, on remand, the trial court should consider "up-

---

"Best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) Any other factor considered by the court to be relevant to a particular child custody dispute.

As explained *infra*, the trial court's decision on remand was based on the factors provided in the statute as amended by 1993 PA 259.

to-date information, including the children's current and reasonable preferences, as well as the fact that the children have been living with the plaintiff during the appeal and any other changes in circumstances arising since the trial court's original custody order." *Id.* at 889.

### B. THE CURRENT APPEAL

Consistent with the instruction of the Supreme Court, the trial court conducted several evidentiary hearings on remand. The hearings occurred over approximately an eight-month period. At the conclusion of these hearings, the trial court found that no established custodial environment existed and that custody was to be determined on a showing by a preponderance of the evidence that a particular placement was in the children's best interests. See *Baker v Baker*, 411 Mich 567, 579; 309 NW2d 532 (1981). The trial court considered the best interest factors provided in the Child Custody Act as amended by 1993 PA 259[2] and again awarded physical custody to plaintiff. Defendant now appeals from that decision.

---

[2] Section 3 of the Child Custody Act currently provides:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

II. ANALYSIS

The Supreme Court clarified in the first appeal of this case the proper standard of review in child custody cases. Findings of fact are reviewed under the great weight of evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction. MCL 722.28; MSA 25.312(8); *Fletcher, supra,* 447 Mich 877-878. Discretionary rulings are reviewed under a "palpable abuse of discretion" standard. MCL 722.28; MSA 25.312(8); *Fletcher, supra,* 447 Mich 879. Therefore, because the trial court's custody decision is a discretionary dispositional ruling, a custody award should be affirmed unless it constitutes an abuse of discretion. *Fletcher, supra,* 447 Mich 880. Finally, questions of law in custody decisions are reviewed for clear legal error. MCL 722.28; MSA 25.312(8) A trial court commits legal error when it incorrectly chooses, interprets, or applies the law. *Fletcher, supra,* 447 Mich 881.

Defendant argues that the trial court erred on remand in its analysis of factors (a), (b), (c), (d), and

---

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(l) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23; MSA 25.312(3).]

(j), and that its findings with respect to those factors are against the great weight of the evidence. We disagree and affirm the trial court's custody award.

Factor (a) requires the trial court to consider "[t]he love, affection, and other emotional ties existing between the parties involved and the child." MCL 722.23(a); MSA 25.312(3)(a). The trial court found that the children were "somewhat more visible in their expression of affection toward defendant." However, it weighed this factor equally because it found that defendant discouraged the children from showing affection toward plaintiff and that "as time passed the [e]ffect [of defendant's influence] on the children has subsided somewhat and the children have strong emotional ties with plaintiff." The evidence supports these findings. Plaintiff testified that defendant told the children that they did not need a father like plaintiff and that they did not have to accept his love. While defendant denied making such statements, the trial court found plaintiff to be more credible. We give deference to the trial court's ability to judge the credibility of witnesses. *Thames v Thames*, 191 Mich App 299, 302; 477 NW2d 496 (1991). The evidence does not clearly preponderate against the trial court's finding that this factor is neutral.

We also reject defendant's claim that the trial court committed clear legal error in considering under more than one factor evidence of defendant's negative influence on the children's relationship with plaintiff. As this Court has previously noted, the factors have some natural overlap. See *Carson v Carson*, 156 Mich App 291, 299-300; 401 NW2d 632 (1986). We conclude that in order to accurately assess under factor (a) the emotional ties between the parties and the children,

the trial court was free to consider defendant's influence on plaintiff's relationship with the children even though that evidence was also relevant under factor (j). We likewise find no merit in defendant's assertion that the trial court placed undue emphasis on this evidence.

Defendant also argues that the trial court abused its discretion in refusing to admit as evidence of the children's greater bond with defendant numerous drawings, pictures, and notes given by the children to defendant. However, because defendant failed to include this issue in her statement of questions presented, we decline to address it. MCR 7.212(C)(5); *City of Lansing v Hartsuff*, 213 Mich App 338, 351; 539 NW2d 781 (1995).

Factor (b) concerns "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any." MCL 722.23(b); MSA 25.312(3)(b). The trial court found that this factor favored plaintiff because plaintiff "is more inclined to provide guidance for the children." The court further found defendant's claims that plaintiff's disciplining techniques were excessive to be "somewhat exaggerated," and that defendant, who more often sought the children's approval before planning activities for them, "essentially lets the children do what they want." The record supports these findings. The record also supports the trial court's finding that defendant's parenting approach led to confrontational behavior by the children toward plaintiff. The trial court's finding that factor (b) favored plaintiff is not against the great weight of the evidence.

Factor (c) addresses "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." MCL 722.23(c); MSA 25.312(3)(c). The trial court found that, although both parties had sufficient earning capacity to appropriately care for the children, factor (c) favored plaintiff because defendant had used poor judgment in financial matters that affected the children. The court explained:

> [T]he record establishes that defendant has used poor judgment in financial matters which has affected the children. Despite the fact that defendant had sufficient income and property after the divorce to secure adequate housing, she shared an apartment with a lesbian couple. The Court finds that the children were aware that the couple in the apartment were lesbians. In fact testimony to this effect was placed on the record while defendant still lived in the apartment. Credible evidence also establishes the children were exposed to negative aspects of the couple's relationship, including their arguments.
>
> The Court is not passing on the morality of the couple's relationship. Living in an apartment during a transition period also does not necessarily show poor financial planning. However, the record establishes that exposure to this specific living arrangement was not in the children's best interests.
>
> . . . [D]efendant exposed the children to this situation as a result of her efforts to save money, when she had the financial capacity to avoid this situation. This incident reflects on defendant's disposition for the children's needs.

In addition to these circumstances, there was evidence that, because the apartment defendant shared with another adult couple had only two bedrooms, the children slept on a sofa bed and a cot during their

weekly overnight visits. However, the trial court did not place significant emphasis on factor (c) because, during the course of the hearings on remand, defendant decided to purchase her own home. We cannot say that the trial court's finding with regard to this factor was against the great weight of the evidence.

Factor (d) requires the trial court to consider "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d); MSA 25.312(3)(d). The trial court found that factor (d) favored plaintiff slightly, and the court did not place significant emphasis on this factor. The trial court's finding is supported by the evidence. The children have lived in plaintiff's home their entire lives and have friends in the neighborhood. Moreover, the trial court found that plaintiff's relationship with the children had continued to improve and that the disagreements between the children and plaintiff were the kind of normal disagreements that occur between parent and child. The trial court's finding with respect to factor (d) is not against the great weight of the evidence.

Factor (j) requires the court to consider "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." MCL 722.23(j); MSA 25.312(3)(j). The trial court concluded that this factor favored plaintiff. The record supports the trial court's findings that plaintiff was more inclined to seek defendant's input before making decisions involving the children and that defendant's statement that she would encourage the children to visit plaintiff if she was awarded custody was inconsistent with her

actions in the past. There was also evidence that defendant remained hostile toward plaintiff, made decisions about their children without informing plaintiff, and actively undermined his attempts to maintain discipline. While defendant testified that she encouraged the children to work on their relationship with plaintiff and that she tried to keep open communication with plaintiff, it was for the trial court to assess the parties' credibility. *Thames, supra.* The evidence does not clearly preponderate against the trial court's finding that factor (j) favors plaintiff. Moreover, we disagree with defendant's assertion that the trial court gave this factor disproportionate weight.

### III. CONCLUSION

We recognize the difficulty that is inherent in making custody determinations. The overriding concern is and must be the best interests of the children. See *Heid v AAASulewski (After Remand),* 209 Mich App 587, 595; 532 NW2d 205 (1995). In remanding this case to the trial court, the Supreme Court recognized that trial courts

> are in a superior position to make accurate decisions concerning the custody arrangement that will be in a child's best interests. Although not infallible, trial courts are more experienced and better situated to weigh evidence and assess credibility. Trial courts not only hear testimony and observe witnesses, but also may elicit testimony, interview children, and invoke other judicial resources to assure a thorough and careful evaluation of the child's best interests. [*Fletcher, supra,* 447 Mich 889-890.]

We believe that the best interests of the children in this case are served by bringing this matter to a close. Having reviewed the entire record of the hearings

conducted on remand, we conclude that the trial court's findings were not against the great weight of the evidence. Furthermore, the trial court did not commit clear legal error in its analysis of the statutory best interest factors. Finally, there was no palpable abuse of discretion in the trial court's determination that the analysis of the statutory best interest factors supports the award of custody to plaintiff, and we find to be without merit defendant's claim that the trial court was biased against her.

Affirmed.