# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH R. DERKIN,

        Plaintiff/Counter-defendant-
        Appellant,

v

TIMOTHY JOHN TERSIGNI,

        Defendant/Counter-plaintiff-
        Appellee.

UNPUBLISHED
October 23, 2018

No. 342850
Livingston Circuit Court
Family Division
LC No. 17-052260-DP

Before: BECKERING, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

In this paternity and custody action, plaintiff-mother appeals the trial court's judgment establishing joint legal custody of the parties' minor child and establishing an increasing parenting-time schedule for defendant-father until a 50/50 parenting-time schedule is achieved. We affirm but remand for the ministerial task of correcting the custody order to reflect the grant of joint physical custody.

## I. FACTUAL AND PROCEDURAL HISTORY

The parties were involved in a sexual relationship while they were married to other individuals. When plaintiff learned that she was pregnant, the parties agreed that plaintiff would remain with her husband and raise the child. Approximately five months after the child was born, plaintiff's husband filed for divorce. Subsequently, when the child was approximately 18 months old, plaintiff's ex-husband filed an action to establish that the child was not a child of the marriage between him and plaintiff. Genetic testing confirmed that defendant was the child's biological father, and the parties began negotiating parenting time and custody terms. Negotiations failed, and plaintiff initiated an action to establish paternity, custody, parenting time, and child support; plaintiff sought sole custody and limited parenting time for defendant. Defendant filed a counterclaim, seeking joint custody.

In analyzing the statutory best-interest factors, the trial court found that factor (a) (the love, affection, and other emotional ties existing between the parties involved and the child) favored plaintiff; that factor (j) (the willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents) favored defendant; and that the remaining factors were inapplicable

-1-

or equally favored both parties. Ultimately, the trial court awarded the parties joint legal custody and established a graduated parenting-time schedule for defendant with incremental increases until 50/50 parenting time is achieved.

On appeal, plaintiff raises three arguments: (1) the trial court applied an incorrect evidentiary standard to its best-interest analysis, (2) the trial court erred when it used the best-interest factors under MCL 722.23 to determine only legal custody, not physical custody, and (3) the trial court's findings on several of the best-interest factors were against the great weight of the evidence. For the reasons more fully discussed below, we disagree.

## II. STANDARDS OF REVIEW

Our Supreme Court has explained that MCL 722.28 "distinguishes among three types of findings and assigns standards of review to each." *Fletcher v Fletcher*, 447 Mich 871, 877; 526 NW2d 889 (1994). In child custody disputes, " 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting MCL 722.28. The great weight of the evidence standard applies to all findings of fact, and a trial court's factual determination should be affirmed unless the evidence "clearly preponderate[s] in the opposite direction." *Pierron*, 486 Mich at 85 (quotation marks and citation omitted); see also *Mitchell v Mitchell*, 296 Mich App 513, 519; 823 NW2d 153 (2012). Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. *Fletcher*, 447 Mich at 877. An abuse of discretion exists when the trial court's decision is "palpably and grossly violative of fact and logic." *Id*. at 880 (quotation marks and citation omitted). Finally, "clear legal error" occurs when a trial court incorrectly chooses, interprets, or applies the law. *Id*. at 881.

## III. LEGAL PRINCIPLES

"The Child Custody Act, MCL 722.21 *et seq*., governs child custody disputes between parents, agencies, or third parties." *Mauro v Mauro*, 196 Mich App 1, 4; 492 NW2d 758 (1992) (citation omitted). The purpose of the Act is to promote the best interests of the child and is to be liberally construed. MCL 722.26(1); *Kessler v Kessler*, 295 Mich App 54, 60; 811 NW2d 39 (2011). The Act creates presumptions and standards by which competing custody claims are judged and sets forth the procedures and relief available. *Ruppel v Lesner*, 421 Mich 559, 565; 364 NW2d 665 (1984).

Once a child's paternity is established, the trial court has the authority to enter orders controlling child custody and parenting time. *Demski v Petlick*, 309 Mich App 404, 441; 873 NW2d 596 (2015). Child custody and parenting time decisions begin with a determination of the child's established custodial environment. *Id*. at 445. After the trial court determines the established custodial environment, it cannot modify the environment absent proof by clear and convincing evidence that the modification is in the child's best interests. *Id*. at 446; MCL 722.27(1)(c). For a showing to be clear and convincing, the evidence must be "so clear, direct and weighty and convincing as to enable [the fact-finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Hunter v Hunter*, 484 Mich 247, 265; 771 NW2d 694 (2009) (quotation marks and citation omitted). Above all, custody disputes are to be

resolved in the child's best interests, as measured by the factors set forth in MCL 722.23. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). The best-interest factors are:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

> (g) The mental and physical health of the parties involved.

> (h) The home, school, and community record of the child.

> (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. . . .

> (k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

> (l) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

In a custody dispute between parents, the parents must be advised of the possibility of joint custody, and, at the request of a parent, joint custody must be considered by the trial court. MCL 722.26a(1); *Shulick v Richards*, 273 Mich App 320, 326; 729 NW2d 533 (2006). The trial court must determine whether joint custody is in the child's best interests through consideration of the best-interest factors, *id.*, as well as the general ability of the parties to cooperate and agree, *Dailey v Kloenhamer*, 291 Mich App 660, 668; 811 NW2d 501 (2011).

If the trial court determines that a modification of the established custodial environment is in the child's best interests pursuant to the statutory factors in MCL 722.23, the trial court may then consider a parenting-time order. See MCL 722.27(1)(b). A child has a right to parenting time with each parent unless the trial court finds by clear and convincing evidence that parenting time would endanger the child's physical, mental, or emotional health. MCL 722.27a(3). The parenting-time statute contains a list of factors for the court to consider when determining the frequency, duration, and type of parenting time. MCL 722.27a(7).

## A. EVIDENTIARY STANDARD

Plaintiff argues that the trial court applied an incorrect evidentiary standard to the best-interest analysis. We disagree.

The trial court first correctly recognized that it was not permitted to "enter a new custody order without first determining if there's an established custodial environment." The trial court then determined that the established custodial environment existed solely with plaintiff. Thus, it was not permitted to modify the established custodial environment absent proof by clear and convincing evidence that the modification was in the child's best interests. *Demski*, 309 Mich App at 446; MCL 722.27(1)(c). On appeal, plaintiff suggests that the trial court's statement that it applied the clear and convincing standard was an "afterthought" because it waited until the conclusion of its best-interest analysis before announcing the standard. This argument fails.

Immediately after determining that the established custodial environment existed with plaintiff, the trial court expressly stated that it would apply the clear and convincing standard when analyzing the child's best interests. The trial court explained, "[T]he standard that I have to use is clear and convincing when I do my best[-]interest analysis." Then, after rendering its decision, the trial court confirmed that it had applied the clear and convincing standard as required. Therefore, plaintiff's argument fails because the trial court applied the proper clear and convincing standard when it analyzed the best-interest factors.

## B. PHYSICAL CUSTODY

Plaintiff next argues that the trial court erred by applying the statutory parenting-time factors, rather than the best-interest factors, to its physical custody determination. We disagree.

In its oral opinion, the trial court clarified that to modify the established custodial environment and grant joint custody, modification had to be in the child's best interests. Thereafter, it analyzed each of the best-interest factors under MCL 722.23. At the end of its best-interest analysis, the trial court concluded that it was "awarding joint legal custody." From there, the trial court turned to the parenting-time factors under MCL 722.27a to determine the amount of parenting time it would award defendant. After analyzing those factors, the trial court granted a graduated parenting-time schedule for defendant until a 50/50 parenting-time schedule is achieved. We conclude that the trial court was aware of the issues and correctly interpreted and applied the law, rendering a decision that was within the range of the evidence. See *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017).

While the trial court stated on the record that it was awarding "joint legal custody," it is clear that the trial court made proper factual findings on the best-interest factors under MCL 722.23 and used those findings to award both legal and physical custody. MCL 722.26a defines "joint custody" as an order that specifies: "(a) That the child shall reside alternately for specific periods with each of the parents[, and] (b) That the parents shall share decision-making authority as to the important decisions affecting the welfare of the child." After granting "joint legal custody," the trial court granted an increasing parenting-time schedule that would result in 50/50 parenting time, further indicating that its best-interest analysis under MCL 722.23 included physical custody. Thus, it is clear that the trial court made both determinations, and only after it analyzed the best-interest factors under MCL 722.23 and awarded joint custody did it turn to the parenting-time factors under MCL 722.27a. We acknowledge that the custody order does not include a provision on physical custody. Therefore, we remand for the ministerial task of correcting the order to reflect the grant of joint physical custody. MCR 6.435(A).

## C. BEST-INTEREST FACTORS

Plaintiff finally argues that the trial court's findings on best-interest factors (d) and (h) are against the great weight of the evidence and should favor her. Plaintiff further contends that the trial court erred by concluding that factor (j) weighed in favor of defendant and that this factor should equally favor both parties.[1] We disagree.

Factor (d) addresses the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). It is undisputed that the child had lived for two years—all of her life—in plaintiff's home. Plaintiff argues that "there is zero evidence that such is anything other than stable and satisfactory," and this factor should have weighed in her favor. The trial court, however, expressed concern about plaintiff's attempts to prevent defendant from having custody of the child and her use of a private detective to follow defendant during parenting times. The trial court explained that it worried "it's going to be very difficult for the mom to work with . . . this whole co-parenting." Thus, the trial court found plaintiff lacked a desire to maintain continuity for the child.

We further note that plaintiff ignores that she contributed to the instability in the child's life that plaintiff, in fact, argued was a basis to decrease defendant's parenting time. During her life, the child knew two men as her father—plaintiff's husband who had stopped contact after divorcing plaintiff, and defendant. Furthermore, the record shows that after voluntarily allowing defendant to exercise parenting time, plaintiff abruptly denied defendant the ability to visit the child until a court order was in effect, bringing further instability into the child's life. In short,

---

[1] Plaintiff's brief also mentions that factor (b) could either weigh equally in favor of the parties or favor her, but she has not presented any argument on that claim. A party may not announce a position and leave it to this Court to rationalize a basis for its claim. *Caldwell v Chapman*, 240 Mich App 124, 132-133; 610 NW2d 264 (2000). Plaintiff also includes in her brief a disagreement with the trial court's conclusions on factor (k), but she concedes that it involves a credibility issue and is left to the trial court.

plaintiff ignores the facts and circumstances that caused instability in the child's home environment. Factor (d) weighed equally for both parents.

Factor (h) addresses the home, school, and community record of the child, MCL 722.23(h), and plaintiff argues that the trial court erred by failing to consider that the "home" record of the child was "nothing but successful and acceptable," and factor (h) should have favored plaintiff. The trial court found this factor was not applicable because a two-year-old child does not have a community or school record. Further, to the extent that this factor addresses the child's "home" life, plaintiff's argument fails for the same reasons discussed above. See *Fletcher v Fletcher*, 229 Mich App 19, 24; 581 NW2d 11 (1998) (stating that the best-interest factors of MCL 722.23 "have some natural overlap").

Factor (j) addresses the willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. MCL 722.23(j). Plaintiff argues that the trial court erred when it determined that factor (j) favored defendant. Specifically, she argues that the record evidence suggests that neither party is either unwilling to foster, or incapable of fostering, the other party's relationship with the child.

The trial court found that defendant had a willingness to encourage a close mother-daughter relationship. Conversely, the trial court was concerned that plaintiff would not be able to facilitate and encourage a father-daughter relationship, but hoped that would change through co-parenting counseling. The trial court also stated that plaintiff's hiring of a private detective to follow defendant and the child during parenting times did not help her case, but rather showed that she would find it difficult to co-parent. The trial court's statements further indicate that it did not find plaintiff credible on the issue of domestic violence. In reviewing the findings, this Court defers to the trial court's determination of credibility. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). On the whole, the record supports the trial court's finding that this factor weighed in defendant's favor, given his favorable disposition to co-parenting and plaintiff's resistance to defendant's involvement in the child's life.

Lastly, plaintiff argues that, even according to the trial court's own findings, "this was a close case at best and hardly a clear and convincing one." However, a finding that the statutory factors weigh equally between the parties does not preclude satisfaction of the burden of proof. *Heid v AaaSulewski* (*After Remand*), 209 Mich App 587, 593; 532 NW2d 205 (1995). In *Heid*, the trial court found near equality on the best-interest factors and awarded joint physical custody to the parties even though the child had been in the sole physical custody of one party. *Id*. at 592, 594. This Court held that equality or near equality on the best-interest factors "will not necessarily prevent a party from satisfying the burden of proof by clear and convincing evidence" that modification is in the child's best interests. *Id*. at 593. Furthermore, this Court's review of a decision concerning the modification of custody does not entail a "quantitative analysis," but rather an analysis of the quality of the evidence adduced. *Id*. at 594.

Ultimately, like in *Heid*, defendant has met his burden. On this record, it is reasonable to conclude that it is in the child's best interests to have two parents who are responsible and involved in her care going forward. Therefore, the trial court's findings were not against the

great weight of evidence, and the trial court did not commit clear legal error or abuse its discretion. *Pierron*, 486 Mich at 85.

Affirmed, but we remand for the ministerial task of correcting the custody order to reflect the grant of joint physical custody. We do not retain jurisdiction.

/s/ /Jane M. Beckering
/s/ Michael J. Riordan
/s/ Thomas C. Cameron