*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARMELA LYNN JACKSON,

      Plaintiff-Appellant,

UNPUBLISHED
May 7, 2019

v

JOHN EDWARD APPLING II,

      Defendant-Appellee.

No. 345488
Oakland Circuit Court
Family Division
LC No. 2008-749835-DP

Before: BOONSTRA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

The trial court entered an order adjourning plaintiff's motion for parenting time and requiring her to submit to a psychological evaluation before the trial court would address that motion. Plaintiff appeals that order by right.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of the trial court's suspension of plaintiff's parenting time (with the parties' minor child, ZJJ) and subsequent refusal to address plaintiff's motion for parenting time until plaintiff submitted to a psychological evaluation. In 2008, plaintiff filed a paternity complaint alleging that defendant was the biological father of ZJJ. A consent judgment of filiation was entered granting the parties joint legal custody, granting plaintiff sole physical

---

[1] At the time the trial court entered the order from which plaintiff appeals in this case, an appeal by right in domestic relations actions could be taken from orders "affecting the custody of a minor." MCR 7.202(6)(a)(iii), prior to amendment by 502 Mich ___ (2018). The Michigan Supreme Court recently amended MCR 7.202(6)(a)(iii) to limit this Court's jurisdiction to appeals from orders granting or denying "a motion to change legal custody, physical custody, or domicile." MCR 7.202(6)(a)(iii) as amended September 20, 2018, 502 Mich ___ (2018).

custody, and granting defendant reasonable parenting time. In 2011, defendant moved for sole physical custody, alleging that plaintiff had been involuntarily hospitalized due to mental illness and that plaintiff exhibited signs of emotional and mental instability. Plaintiff failed to attend the initial hearing on the motion, meetings with the Friend of the Court (FOC) counselor, and the subsequent hearing on defendant's motion to adopt the FOC recommendation. The trial court entered an order granting defendant sole physical and legal custody and providing plaintiff with supervised parenting time. The order stated that plaintiff would be required to undergo a psychological evaluation before amendments to the order would be considered.

In 2012, plaintiff filed a motion to change custody. After a hearing on plaintiff's motion, the trial court entered an order granting the parties joint legal and physical custody with parenting time to "reflect the past practices of the parties since the birth of [ZJJ]." The order also provided that (1) plaintiff was to immediately inform defendant in the event that she was hospitalized for any reason, (2) in the event that plaintiff was hospitalized for a period of more than 24 hours, sole physical custody was to automatically revert back to defendant, and (3) if at any time plaintiff stopped residing with her mother, defendant could file a motion for change of custody.

In April 2013, plaintiff and defendant both moved the trial court for sole custody of ZJJ. At the motion hearing, plaintiff admitted that she had failed to inform defendant that she had been involuntarily hospitalized for mental illness, and that she had taken ZJJ out of state for four days because of "an emergency that came up." The trial court entered a temporary order granting defendant sole custody of ZJJ and granting plaintiff supervised parenting time. The order also required that plaintiff was to maintain weekly therapy and monthly psychiatric appointments. In July 2013, the trial court entered an order continuing defendant as the sole physical custodian but expanding plaintiff's supervised parenting time. The order also provided that, after the completion of the following school year, if plaintiff maintained regular therapy and took her prescribed medications, she could file a motion with the trial court to further expand her parenting time.

In December 2013, plaintiff filed an emergency motion to change custody, alleging that ZJJ had reported that defendant had sexually abused her. At the hearing on plaintiff's motion, the trial court noted that plaintiff had made similar, unsubstantiated allegations against defendant before,[2] and that it would deny plaintiff's motion and allow Child Protective Services (CPS) to conduct an investigation. The trial court expressed concerns that plaintiff might influence ZJJ to make false allegations and ordered that plaintiff's supervised parenting time be limited to one hour per week. The CPS investigation did not substantiate plaintiff's allegations.

In February 2014, defendant filed an emergency motion for sole physical and legal custody, alleging that plaintiff had kidnapped ZJJ. According to plaintiff's brief on appeal, plaintiff took ZJJ from school with the intent to flee to Mexico and made it as far as Texas before

---

[2] It is not clear from the record before this Court what earlier allegations plaintiff had made against defendant, or when they were made.

she was apprehended. The trial court granted defendant's motion and suspended plaintiff's parenting time indefinitely. Plaintiff was later criminally charged with kidnapping, but was found incompetent to stand trial and committed to the Center for Forensic Psychiatry in July 2015. Plaintiff was released from the Center in 2016.

In 2018, plaintiff filed the motion for parenting time that led to this appeal. Plaintiff's motion was referred to the FOC, and an FOC referee submitted a proposed order to the trial court indicating that plaintiff had undergone a psychological evaluation in October 2017, that plaintiff was scheduled to have a second psychological evaluation in September 2018, and that the trial court should wait until it could review both evaluations before considering plaintiff's request for parenting time.

Plaintiff objected to the proposed order, asserting for the first time that she had been raped by defendant and that ZJJ's birth and many of plaintiff's mental illnesses resulted from the rape. A hearing on plaintiff's objection to the FOC recommendation was held on September 12, 2018, at which the trial court determined that it was in ZJJ's best interest to adopt the recommendation of the FOC referee and to refrain from addressing plaintiff's motion for parenting time until plaintiff's second psychological evaluation could be completed and reviewed. The trial court issued an order to that effect on the same day as the hearing, adjourning plaintiff's motion "without date."

This appeal followed.

## II. STANDARD OF REVIEW

" 'Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue.' " *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010), quoting *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). See also *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). "Discretionary rulings, including the ultimate award of custody and the award of parenting time, are reviewed for an abuse of discretion." *Diez v Davey*, 307 Mich App 366, 389; 861 NW2d 323 (2014) (citations omitted). In the context of child custody and parenting time, an abuse of discretion "is found only in extreme cases wherein the trial court's decision is so palpably and grossly violative of fact and logic that it evidences the exercise of passion or bias or a perversity of will." *McRoberts v Ferguson*, 322 Mich App 125, 133-134; 910 NW2d 721 (2017) (citations omitted). For a trial court's findings of fact, we apply the great weight of the evidence standard and affirm the trial court's findings "unless the evidence clearly preponderates in the opposite direction." *Fletcher v Fletcher*, 229 Mich App 19, 23; 581 NW2d 11 (1998) (*Fletcher II*), citing MCL 722.28 and *Fletcher v Fletcher*, 447 Mich 871, 877-878; 526 NW2d 889 (1994) (*Fletcher I*). A trial court commits clear legal error "when it incorrectly chooses, interprets, or applies the law." *Fletcher II*, 229 Mich App at 23, citing *Fletcher I*, 447 Mich at 881.

III. ANALYSIS

Plaintiff contends on appeal that (1) the trial court should have created a service plan to accommodate plaintiff's mental illness in an effort to reunify plaintiff with ZJJ, (2) the court should not have presumed that plaintiff was an unfit parent because of her mental illness, and (3) the court should have considered that plaintiff was never convicted of kidnapping and that plaintiff had been raped by defendant. We find no error requiring reversal.

As a preliminary matter, we note that we could hold that plaintiff has abandoned her arguments on appeal. The argument section of her brief is barely over one page long, reflects virtually no legal argument, and contains no references to any legal authority or any citations to the lower court record. "A party may not leave it to this Court to search for authority to sustain or reject its position," and "may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims." *Bank of America, NA v Fidelity Nat Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016) (quotation marks and citation omitted). Arguments and issues on appeal "must be supported by citation to appropriate authority or policy," lest those arguments be abandoned on appeal. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (citations omitted). Nonetheless, and considering that plaintiff is proceeding *in propria persona*, we will consider plaintiff's arguments to the extent she has made them, although we find them to be without merit.

Plaintiff argues that the trial court abused its discretion by failing to create a service plan in order to reasonably accommodate plaintiff's mental illness. Although in cases involving the termination of parental rights the Michigan Department of Health and Human Services is required to provide appropriate services to parents with disabilities as a part of their statutory obligation to make reasonable efforts to reunify children and their families, see *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012), citing MCL 712A.19a(2); *In re Terry*, 240 Mich App 14, 25-26; 610 NW2d 563 (2000), plaintiff provides no authority, and this Court has found none, tasking a trial court with a similar duty regarding mentally ill parents in child custody and parenting time cases.

Unlike cases involving the termination of parental rights, in which courts must balance the best interests of minors against the constitutional rights of their parents, a trial court's singular focus in cases brought under the Child Custody Act, MCL 722.21 *et seq.*, is " 'to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes.' " *Lieberman v Orr*, 319 Mich App 68, 78; 900 NW2d 130 (2017), quoting *Pierron v Pierron*, 282 Mich App 222, 243; 765 NW2d 345 (2009). With respect to parenting time decisions in particular, MCL 722.27a(1) provides, in pertinent part:

(1) Parenting time shall be granted in accordance with the best interests of the child. It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents. Except as otherwise provided in this section, parenting time shall be granted to a parent in frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time.

However, if "it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health," parenting time need not be ordered. MCL 722.27a(3); *Luna v Regnier*, 326 Mich App 173, ___; ___ NW2d ___ (2018) (Docket No. 343382); slip op at 3.

Thus, while mental illnesses may create unfortunate barriers for parents in child custody cases, it is the best interests of the child that must guide a trial court in making custody and parenting time decisions. Because this is not a termination case, plaintiff has not lost, and is not at risk of losing, her legal rights as ZJJ's parent. We find plaintiff's argument that the trial court was required to provide her with a "service plan" to facilitate her parenting time request to be without merit.

Plaintiff also contends that the trial court applied a presumption of parental unfitness to her because of her mental illness. We find no evidence in the record that the trial court explicitly or implicitly applied such a presumption; to the contrary, the record actually demonstrates that the trial court was sensitive to plaintiff's mental illness and consistently encouraged plaintiff to maintain treatment in order to foster parenting time that would allow for a healthy relationship between ZJJ and plaintiff. In fact, the trial court did provide a "service plan" of sorts to plaintiff by explicitly encouraging plaintiff to continue regular therapy and mental health treatment in order to increase her chances of success in future motions to expand her parenting time.

Moreover, the order from which plaintiff now appeals is *not* an order denying her request for parenting time; rather, the trial court merely, in considering the best interests of ZJJ, ordered that it would consider plaintiff's request after it was able to review her upcoming psychological evaluation as well as the evaluation from the previous year. Plaintiff states in her brief on appeal that she underwent the psychological evaluation on November 8, 2018. According to the trial court's own order, she is therefore now entitled to have the trial court review her motion. There is no evidence that the trial court has treated plaintiff unfairly or denied her an opportunity to request parenting time due to her mental illness.

Finally, plaintiff argues that the trial court should have expanded her parenting time because she was never convicted of kidnapping ZJJ and because she had been raped by defendant. First, plaintiff was neither convicted nor acquitted of kidnapping ZJJ, but instead was found not competent to stand trial. In fact, in her brief on appeal, plaintiff essentially admits to the conduct underlying the kidnapping charge. Regardless, the trial court was not required to find that she was criminally liable for kidnapping in order to suspend her parenting time, nor, as stated, did the trial court deny her request for parenting time, but rather adjourned the disposition of her motion pending a second psychological evaluation.

Second, with respect to the allegation that plaintiff was raped by defendant, we note that defendant also has not been charged with, or convicted of, that offense. The trial court noted that plaintiff had demonstrated a history of making false allegations against defendant. To the extent that the trial court concluded that the allegation of rape was untrue, the trial court's conclusion was not against the great weight of the evidence. Moreover, the trial court's focus was on the best interests of ZJJ with regard to whether plaintiff should be granted parenting time; the truth or falsity of plaintiff's sexual-assault allegations against defendant was not the dispositive issue before the trial court.

Plaintiff has failed to demonstrate any legal error on the part of the trial court or any factual finding that was against the great weight of the evidence. Moreover, it was not "grossly violative of fact and logic" for the trial court to decline to address plaintiff's motion for parenting time until further evidence of plaintiff's current mental state was provided. *Shade*, 291 Mich App at 20-21, citing *Pickering*, 268 Mich App at 5.

Affirmed.[3]

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[3] We see no need to address defendant's argument that plaintiff's appeal seeks superintending control without exhausting administrative remedies. Although plaintiff's brief does ask this Court to exercise superintending control, it appears from its full context that plaintiff is seeking a reversal of the trial court's adjournment order, which, at the time it was entered and the appeal filed, was appealable by right. See n 1.