*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. ESTEP, Minor.

UNPUBLISHED
August 31, 2023

No. 362872
Bay Circuit Court
Family Division
LC No. 21-013223-NA

Before: BOONSTRA, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), appeals as of right the trial court's order finding that petitioner failed to establish grounds for jurisdiction of the five-year-old minor child, AE, under MCL 712A.2(b).[1]  We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On August 20, 2021, petitioner filed a petition seeking jurisdiction over AE and requesting that the trial court remove AE from respondent-father's care.  The petition alleged that respondent-father had inappropriately touched AE, that respondent-mother caught respondent-father masturbating in AE's bedroom while AE was present, and that respondent-father masturbated in the presence of AE and other children on two other occasions.  In addition, the petition alleged that respondent-father had a third-degree criminal sexual conduct (CSC-III) conviction from 1996.

An adjudicatory trial was held, during which petitioner presented numerous witnesses. Respondent-mother and respondent-father were never married and had no court-ordered custody arrangement for AE.  Respondent-father lived at respondent-mother's house though they were no longer in a relationship at the time of DHHS's investigation into this matter.  Because he was a

---

[1] AE's mother was a party to this appeal, but was dismissed by this Court after a stipulated order was filed by the parties. *In re A Estep Minor*, unpublished order of the Court of Appeals, entered January 12, 2023 (Docket No. 362872).  Only jurisdiction with respect to respondent-father is at issue on appeal.

long-haul truck driver, respondent-father was home only on weekends and would sometimes stay at his brother's house instead of respondent-mother's house. Respondent-mother's nephew, KC Slates, and his wife and children also lived at respondent-mother's house at this time.

The remainder of the evidence petitioner presented conflicted with the evidence respondent presented. Slates testified that respondent-father would sleep in the same bed as AE. Slates further testified that respondent-mother told him that she caught respondent-father masturbating in AE's room with AE present on a security camera she had installed.[2] In addition, Slates testified that he saw respondent-father on the couch with a blanket on top of him, and presumed that respondent-father was masturbating while AE was present. Slates stated that he informed respondent-mother of the incident. Slates' daughter, who was 10 years old, testified that respondent-father had untied his robe and exposed himself to her, but she could not remember whether he was wearing underwear under his robe. Slates' wife also testified that respondent-mother told her she caught respondent-father masturbating in AE's room on a security camera, and that AE was in the room at the time. Further, the mother of respondent-father's two other children testified that she caught respondent-father masturbating on a couch while watching a pornographic video on his phone, and that AE and other children were in the room sleeping during this incident.

Respondent-mother testified that she caught respondent-father masturbating on camera in AE's room, but that AE was not home at the time. Respondent-mother also testified that AE said once that her "butt hurt" from wiping after respondent-father wiped AE's buttocks too hard, and that this was misconstrued as inappropriate touching. Respondent-mother denied that Slates informed her he had caught respondent-father masturbating under a blanket; she had learned of it while Slates was testifying.

Respondent-father testified that he was convicted of CSC-III in 1996 for inappropriately touching an eight-year-old girl, and his judgment of sentence and a related police statement were admitted into evidence without objection. Respondent-father clarified that he and AE slept in separate beds. Respondent-father denied the allegations that he masturbated in front of the children and denied that he exposed himself. But respondent-father testified that he did not know whether respondent-mother caught him masturbating on camera and admitted that he helped AE wipe her buttocks after she used the bathroom. Respondent-father and respondent-mother testified that Slates and respondent-mother often fought about household bills, and that Slates threatened to turn respondent-father in and make false allegations against him because respondent-mother raised the rent of Slates and his wife.

After several witnesses were asked about respondent-father's CSC-III conviction, the trial court interrupted petitioner's questioning of the final witness and asked why respondent's CSC-III conviction was relevant. The trial court stated on the record that respondent-father's CSC-III conviction was "irrelevant in this case." The trial court declined to take jurisdiction over both respondent-father and respondent-mother under MCL 712A.2(b)(2), because petitioner had not proven its case by a preponderance of the evidence. Specifically, the trial court concluded that it did not find respondent-mother's nephew, Slates, or his daughter's testimony credible, and instead

---

[2] No footage from the camera in AE's room was recorded.

found contrary testimony to be "much more convincing after viewing the demeanor of the witnesses in person and watching them testify." This appeal followed.

## II. ANALYSIS

A trial court's decision to exercise jurisdiction is reviewed for clear error in light of the trial court's factual findings. *In re Long*, 326 Mich App 455, 460; 927 NW2d 724 (2018). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). "A trial court abuses its discretion only when that decision falls outside the range of principled outcomes." *People v Masi*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358922); slip op at 2 (quotation marks and citation omitted).

In a child protection proceeding, after a trial court authorizes the filing of a petition to exercise jurisdiction over a child, the adjudication phase follows. *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). The adjudication phase determines whether a trial court can exercise jurisdiction over a child and the respondent parents under MCL 712A.2(b). *Id*. To exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists. *Long*, 326 Mich App at 460. Jurisdiction is established if the trial court finds that petitioner established one of the statutory grounds for jurisdiction in MCL 712A.2 by a preponderance of the evidence. *Id*. "Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (quotation marks and citation omitted). MCL 712A.2(b) provides, in relevant part, that "[t]he court has the following authority and jurisdiction":

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

Petitioner's sole argument on appeal is that the trial court erred by deeming evidence of respondent-father's 1996 conviction "irrelevant." We note that although the trial court did state that this evidence was "irrelevant" with respect to whether statutory grounds for jurisdiction were

proven by a preponderance of the evidence, the court admitted into evidence—without objection—respondent-father's 1996 judgment of sentence and considered this evidence in reaching its jurisdiction decision. Accordingly, the court did not conclude that the evidence was irrelevant in the sense that it was inadmissible under MRE 402. To the contrary, the trial court appears to have concluded that respondent-father's 1996 conviction, together with the other credible testimony presented, was not sufficient to establish the statutory ground by a preponderance of the evidence.

The trial court did not err by determining that the evidence of respondent-father's 1996 CSC-III conviction was not persuasive with respect to substantiation of the allegations in the petition. Considering that the finder of fact is in a better position to weigh evidence and evaluate a witness's credibility, *Fletcher v Fletcher*, 229 Mich App 19, 28; 581 NW2d 11 (1998), we defer to the trial court's determination regarding the weight of this evidence, *Varran v Granneman (On Remand)*, 312 Mich App 591, 624; 880 NW2d 242 (2015) ("A trial court has superior fact-finding ability, and this Court must give deference to a trial court's determination regarding the weight to assign evidence.").

Moreover, the trial court did not clearly err by finding that the evidence was insufficient to demonstrate that the statutory grounds for jurisdiction under MCL 712A.2(b)(1) and (2) were satisfied. No evidence was presented that respondent-father had improperly touched AE. With respect to the additional allegations in the petition, the only pertinent evidence that the trial court found credible was that respondent-father slept in the same room as AE on a futon couch; walked around in his boxers and robe in front of AE and the other children; masturbated in AE's room while she was out of the house; and had a CSC-III conviction from 1996. The trial court's decision that this evidence did not demonstrate that the home was unfit by reason of neglect, cruelty, drunkenness, criminality, or depravity, or that respondent-father failed to provide proper or necessary support or provide proper care of AE, was not clearly erroneous. We are not left with a definite and firm conviction that the trial court clearly erred by finding that the statutory grounds for jurisdiction under MCL 712A.2(b)(1) and (2) were not met.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Christopher P. Yates

-4-