*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN G. TELEHOWSKI,

        Plaintiff-Appellee,

v

CLAUDIA G. TELEHOWSKI,

        Defendant-Appellant.

UNPUBLISHED
April 21, 2022

Nos. 357521; 357528[1]
Macomb Circuit Court
Family Division
LC No. 2017-002186-DM

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

In docket number 357521, defendant appeals as of right the trial court's June 9, 2021 order granting plaintiff sole physical and legal custody of their minor child, SAT. In docket number 357528, defendant appeals by delayed leave granted[2] the trial court's May 3, 2021 order for parenting time. We affirm both orders.

The parties were divorced on June 13, 2018, by a consent judgment of divorce. The judgment granted the parties joint legal custody of SAT, but defendant received sole physical custody. The parties also agreed that defendant and SAT could move to another state or Hague-participating country without plaintiff's permission. So long as defendant and SAT lived in Michigan, plaintiff was entitled to parenting time each weekend and two evenings per week. However, if defendant and SAT left Michigan, plaintiff was entitled to five weeks of parenting time per year, with up to 10 days being consecutive. Plaintiff was obligated to attempt to provide 60 days' notice of his intent to exercise parenting time.

---

[1] This Court entered an order consolidating these two appeals on September 22, 2021. *Telehowski v Telehowski*, unpublished order of the Court of Appeals, entered September 22, 2021 (Docket Nos. 357521 and 357528).

[2] *Telehowski v Telehowski*, unpublished order of the Court of Appeals, entered September 22, 2021 (Docket No. 357528).

Disputes over parenting time began almost as soon as the parties' divorce judgment was entered and never ceased. In March 2019, defendant and SAT moved to Mexico. From that point forward, defendant has never made SAT available for parenting time with plaintiff, despite the trial court's entry of orders attempting to enforce the parenting-time provision of the consent judgment of divorce. Defendant also obtained a restraining order from a Mexican court on May 29, 2019, that barred plaintiff from being within 200 meters of SAT and defendant. On March 3, 2020, plaintiff filed a motion for a change of custody, seeking sole physical and legal custody of SAT, on the ground that defendant's actions harmed plaintiff's relationship with SAT. Before that motion was heard, the trial court held defendant in contempt for repeated violations of the parenting-time order. Also, before the motion was heard, the trial court entered an order providing for defendant to exercise parenting time from May 17, 2021 to May 27, 2021, in Houston, Texas. Defendant failed to produce SAT for this parenting time, and the trial court entered a bench warrant for defendant's arrest.

On June 2, 2021, an evidentiary hearing was held on plaintiff's motion to change custody. Although defendant's counsel appeared and participated in the hearing, defendant herself did not do so. On June 9, 2021, the trial court entered an order granting plaintiff's motion for a change of custody, awarding plaintiff sole physical and legal custody of SAT. These appeals followed.

In docket number 357521, defendant first argues that the trial court erred by failing to make a threshold finding of proper cause or a change of circumstances before holding an evidentiary hearing on plaintiff's motion to change custody. We agree but conclude that the error was harmless.

A trial court's decision regarding whether a party has demonstrated proper cause or a change of circumstances to consider a change of custody is reviewed under the great weight of the evidence standard. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). Thus, this Court defers to the trial court's findings of fact unless the evidence clearly preponderates in the opposite direction. *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994) (*Fletcher I*). "[U]pon a finding of error[,] an appellate court should remand the case for reevaluation, unless the error was harmless." *Id*. at 889. See also *In re AP*, 283 Mich App 574, 603-604; 770 NW2d 403 (2009) (noting there had clearly been a change of circumstances, despite the trial court failing to address the issue).

Under MCL 722.27(1)(c), a trial court may only modify a custody order for proper cause or a change of circumstances. "Accordingly, a party seeking a change in the custody of a child is required, as a threshold matter, to first demonstrate to the trial court either proper cause or a change of circumstances." *Corporan*, 282 Mich App at 603. A change of circumstances is a material change since the entry of the last custody order in "the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being." *Vodvarka v Grasmeyer*, 259 Mich App 499, 513-514; 675 NW2d 847 (2003). "[P]roper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id*. at 511. "Appropriate grounds should include at least one of the 12 statutory best-interest factors and must concern matters that have or could have a significant effect on the child's life." *Mitchell v Mitchell*, 296 Mich App 513, 517; 823 NW2d 153 (2012).

In his March 2020 motion for a change of custody, plaintiff argued there was proper cause or a change of circumstances to consider a change of custody for a multitude of reasons. Specifically, plaintiff pointed out defendant had denied him parenting time for the past year. In addition, plaintiff noted defendant had commenced a legal action in Mexico and obtained a restraining order prohibiting plaintiff from having contact with SAT, while defendant simultaneously insisted on plaintiff exercising parenting time in Mexico. Plaintiff further asserted defendant had not included plaintiff in making educational, medical, or developmental decisions regarding SAT, and defendant failed to teach SAT English. Plaintiff asserted defendant had intentionally harmed SAT's relationship with plaintiff and plaintiff's family. The trial court ordered an evidentiary hearing on plaintiff's motion and held the evidentiary hearing on June 2, 2021. At no point did the trial court make a finding regarding proper cause or a change of circumstances.

The purpose of the finding of proper cause or change of circumstances required in MCL 722.27 is to limit unwarranted and disruptive changes to custody orders. *Corporan*, 282 Mich App at 603. "Only after a moving party has established proper cause or a change of circumstances may the trial court reevaluate the statutory best-interest factors." *Mitchell*, 296 Mich App at 517-518. The trial court failed to make a finding regarding proper cause or change of circumstances before holding an evidentiary hearing to reevaluate the statutory best-interest factors. Accordingly, the trial court erred.

However, the trial court's error was harmless in light of the record before the court. One of the statutory best-interest factors is the "willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." MCL 722.23(j). Plaintiff's motion clearly demonstrated defendant was unwilling to facilitate and encourage a relationship between SAT and plaintiff. For nearly a year at the time of the motion, and over two years at the time of the change of custody, defendant had completely refused to facilitate parenting time—or communication of any kind—with plaintiff. In addition, defendant sought and obtained a restraining order against plaintiff in a Mexican court, meaning any contact plaintiff had with SAT would have been a violation of Mexican law. These easily constituted appropriate grounds, premised on a statutory best-interest factor, and material changes since the entry of the last custody order in the conditions surrounding SAT's custody that could have a significant effect on SAT's life. *Vodvarka*, 259 Mich App at 510-515. Accordingly, while the trial court erred by failing to make a finding regarding proper cause or change of circumstances, the error was harmless.

Defendant next argues in docket number 357521 that the trial court's findings regarding SAT's best interests were against the great weight of the evidence. We disagree.

A trial court's findings regarding best-interest factors are reviewed under the great weight of the evidence standard. *Corporan*, 282 Mich App at 605. Once a movant demonstrates proper cause or a change of circumstances, the court must determine whether a change of custody would alter the child's established custodial environment. *Pierron v Pierron*, 282 Mich App 222, 244-245; 765 NW2d 345 (2009). If so, the movant must prove the change of custody to be in the child's best interests by clear and convincing evidence; otherwise, the preponderance of the

evidence standard applies.[3] *Id*. In determining the best interests of the child, the trial court must make explicit findings on each of the statutory factors in MCL 722.23. *Riemer v Johnson*, 311 Mich App 632, 641; 876 NW2d 279 (2015). There are 12 statutory factors set forth in MCL 722.23 ((a) through (*l*)), each of which the trial court addressed and each of which will be addressed here.

Defendant argues the trial court's finding that a change of custody was in SAT's best interests was against the great weight of the evidence. Specifically, defendant argues the trial court failed to actually consider the statutory best-interest factors and instead focused on the fact that defendant wronged plaintiff by denying him parenting time. Defendant's argument fails.[4]

The trial court found factor (a)—the love, affection, and other emotional ties existing between the parties and the child—favored plaintiff because, by failing to honor the relationship between SAT and plaintiff, defendant did not show "proper love" for SAT. In *Fletcher v Fletcher (After Remand)*, 229 Mich App 19, 24; 581 NW2d 11 (1998) (*Fletcher II*), this Court concluded the trial court did not err by similarly assessing factor (a):

> The trial court found that the children were "somewhat more visible in their expression of affection toward defendant." However, it weighed this factor equally because it found that *defendant discouraged the children from showing affection toward plaintiff*, and that "as time passed the [e]ffect [of defendant's influence] on the children has subsided somewhat and the children have strong emotional ties with plaintiff." [Emphasis added; alterations in original.]

While this case is somewhat different because defendant's "influence on" SAT's emotional ties with plaintiff has yet to subside, the evidence easily supported the finding that defendant was interfering with SAT's emotional ties to plaintiff. Accordingly, this finding was not against the great weight of the evidence.

The trial court found factor (b) also favored plaintiff. Factor (b) is the "capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any." MCL 722.23(b). The trial court found this factor favored plaintiff because of defendant's failure to abide by the parenting-time order, which the trial court described as an attempt to "alienate" SAT from plaintiff.

---

[3] The trial court found at the March 10, 2021 hearing that because SAT had been living with only defendant for a significant period of time, the established custodial environment was with defendant, thereby requiring plaintiff to prove by clear and convincing evidence that a change of custody was warranted. Neither party on appeal disputes the applicability of the clear and convincing evidence standard. Accordingly, we assume the trial court's determination on this point was correct.

[4] Defendant's argument is largely unclear regarding which specific best-interest factors she is addressing. "A party may not simply announce a position and leave it to this Court to make the party's arguments . . . . Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (citation omitted). We will nonetheless address each of the best-interest factors in the interest of thoroughness.

The logic *Fletcher II* applied to factor (a), as discussed, applies similarly to factor (b). By interfering with SAT's relationship with plaintiff, defendant has demonstrated a lack of capacity and disposition to give the child love and affection. This finding was not against the great weight of the evidence.

Factor (c) is the "capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care." MCL 722.23(c). The trial court found this factor favored neither party. This finding was not against the great weight of the evidence since plaintiff testified he made $135,000 per year, and defendant, last plaintiff knew, made $80,000 per year, and there was no evidence SAT's material needs were unsatisfied.

The trial court found factor (d) "does not weigh in favor of" defendant. It appears the trial court did not weigh this factor in favor of either party. This factor is the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). The court noted that, as far as it could tell, SAT was in a stable and satisfactory environment with defendant, but the court concluded maintaining that environment was not desirable since it came at the cost of SAT's relationship with plaintiff. This determination was not against the great weight of the evidence. Although SAT may have had a stable and satisfactory environment with defendant, maintaining continuity in that environment could reasonably be viewed as contrary to SAT's best interest given that defendant was using her and SAT's presence in another country to prevent SAT from having a relationship with plaintiff.

The trial court found factors (e), (f), (g), and (h) not to favor either party. These factors are:

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

> (g) The mental and physical health of the parties involved.

> (h) The home, school, and community record of the child. [MCL 722.23(e) through (h).]

For each factor, the court either noted there was no evidence regarding the factor or found without elaboration neither party was favored by the factor. In light of the limited record due to defendant's refusal to participate in the hearing, the trial court did not err in its analysis or make findings that were against the great weight of the evidence.

The trial court did not consider factor (i) because it had been unable to interview the child. The court also noted SAT was young for such an interview to be necessary. Given the young age of the child and defendant's refusal to participate, the court's declination to interview the child was not erroneous.

Finally, the court found factor (j) favored plaintiff, factor (k) favored neither party, and there was no other factor to consider under factor (*l*). These factors are:

-5-

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23(j) through (*l*).]

The court found (j) "can't weigh strongly enough in favor of" plaintiff because defendant would never let SAT have a relationship with plaintiff. The court found there was no evidence of domestic violence under factor (k). And, as noted, the court found no other relevant factor to be considered under factor (*l*). As the court recognized, this case has essentially been all about factor (j) since the judgment of divorce was entered. While defendant and SAT lived in Michigan, the parties were frequently in court due to defendant's failure to abide by the parenting-time schedule. Once defendant and SAT moved to Mexico—as they were permitted to do under the judgment of divorce—defendant completely refused to participate in parenting-time exchanges. As a result, plaintiff has not seen or heard from SAT since March 2019. In addition, plaintiff testified there was no domestic violence in their relationship. Accordingly, the trial court's findings with respect to factors (j) and (k) were not against the great weight of the evidence. And defendant has provided no basis to conclude that any other factor should have been considered under factor (*l*).

Contrary to defendant's argument, the trial court expressed an understanding that the focus of the best-interests analysis was SAT, not defendant's misconduct toward plaintiff. In addressing factor (j), the court said, "And by the way, *it's not about [plaintiff]*. It's that the child gets to have a relationship with her father, and it simply ain't happening. [Defendant] will not submit to it. She will not allow it." In addition, "the factors have some natural overlap," so it was not clear legal error for the trial court to consider defendant's failure to abide by the parenting-time order with respect to multiple factors. *Fletcher II*, 229 Mich App at 24. Overall, the trial court's findings regarding SAT's best interests were not against the great weight of the evidence.

Finally, in docket number 357528, defendant argues that the trial court erred in ordering plaintiff to have parenting time with SAT from May 17, 2021 to May 27, 2021. We disagree.

This Court has explained:

Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. In child custody cases, an abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that

it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. Clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law. [*Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010) (quotation marks, brackets, and citations omitted).]

"The child's best interests govern a court's decision regarding parenting time." *Luna v Regnier*, 326 Mich App 173, 179; 930 NW2d 410 (2018) (quotation marks and citation omitted). "It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents." MCL 722.27a(1). "Therefore, 'parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time.' " *Luna*, 326 Mich App at 180, quoting MCL 722.27a(1). Further, MCL 722.27a(3) states that "[a] child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health.". The trial court may consider the factors set forth in MCL 722.27a(7) when determining appropriate parenting time. In addition, the trial court may consider the best-interest factors set forth in MCL 722.23 when deciding whether to award parenting time. *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013). "When a trial court makes a parenting-time decision, it may limit its findings to the contested issues." *Id*.

Defendant argues that the trial court erred in ordering plaintiff to have parenting time from May 17, 2021 to May 27, 2021, without making findings regarding whether this was in SAT's best interest. Defendant's argument is premised on an implicit misunderstanding or mischaracterization of the trial court's ruling. The trial court's May 3, 2021 order did not effectuate a modification of parenting time. Rather, the court was merely enforcing the existing parenting-time order, i.e., the consent judgment of divorce.

The consent judgment of divorce provided that if defendant and SAT left Michigan, plaintiff was entitled to five weeks of parenting time per year, with up to 10 days being consecutive. Plaintiff was obligated to attempt to provide 60 days' notice of his intent to exercise parenting time.

After defendant and SAT moved to Mexico in March 2019, defendant repeatedly refused to make SAT available for parenting time with plaintiff, in contravention of orders entered by the trial court seeking to enforce the parenting-time provision of the divorce judgment. As a result, the trial court has entered orders enforcing the parenting-time provision of the judgment of divorce. The court entered an order in July 2019, providing that plaintiff would have parenting time for three specific time periods in 2019. Defendant did not comply with that order, leading the Friend of the Court (FOC) to seek a show-cause order on the basis of defendant denying plaintiff all three scheduled periods of parenting time as indicated in the court's July 2019 order. After extensive litigation, a December 11, 2020 hearing was held at which the trial court found that defendant had been dealing in bad faith with respect to parenting time since she moved to Mexico. The court noted that it did not fault her for exercising her right to move in accordance with the judgment of divorce, but the court found "[s]he never had any intention of allowing him to see the child. Her actions speak volumes on that." Accordingly, the court granted the FOC's motion to hold defendant in contempt of court for repeated violations of the parenting-time order.

At a March 10, 2021 hearing, plaintiff's counsel requested the entry of an order setting dates for plaintiff to exercise his parenting time. The trial court noted that there was an existing parenting-time order (i.e., the consent judgment of divorce) that required plaintiff to give defendant 60 days' notice of his exercise of parenting time; the trial court then stated that plaintiff could exercise his parenting time beginning on May 17, 2021. The trial court noted that it was not "rewriting" the parenting-time arrangement, and the court told the parties to follow the protocol required by the existing parenting-time order. The court stated that it was giving defendant "one last chance" to cooperate in providing parenting time for plaintiff before issuing a bench warrant for her arrest. The court again told the parties to follow the protocol "in the parenting time order in terms of what the obligations are. Who pays for what. Who gives notice. Etcetera. Etcetera." On May 3, 2021, the court entered an order providing that plaintiff was entitled to parenting time with SAT in Houston "pursuant to the parenting time orders" from May 17, 2021 through May 27, 2021, and that a bench warrant would be issued for defendant's arrest if she did not produce SAT for parenting time. At a May 17, 2021 hearing, it became clear that defendant was not making SAT available for plaintiff's parenting time scheduled to begin that day. Given defendant's failure to comply with the parenting-time order, the court granted plaintiff's request for the issuance of a bench warrant for defendant's arrest.

As this tortured and extensive procedural history reflects, defendant's appellate argument on this issue is misleading. Defendant's argument is implicitly premised on an erroneous view that the trial court's May 3, 2021 order somehow modified the existing parenting-time arrangement (and that the court then failed to determine whether such a modification was in SAT's best interest). The trial court did no such thing. The court did not modify or change the existing parenting-time arrangement. The court was merely seeking to enforce the parenting-time provision of the consent judgment of divorce.[5] Given the distorted view of the record in defendant's appellate argument, defendant has failed to address the true rationale of the trial court's decision, i.e., that the court was enforcing rather than modifying the existing parenting-time order. "When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019).

Moreover, defendant's appellate argument is moot to the extent that she is addressing whether it was in SAT's best interest to having parenting time with plaintiff in May 2021. This Court generally does not decide moot issues. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016). "A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *Id.* (quotation marks and citation omitted). "An issue

---

[5] Defendant presents no argument challenging the parenting-time provision to which the parties agreed in the consent judgment of divorce. See MCL 722.27a(2) ("If the parents of a child agree on parenting time terms, the court shall order the parenting time terms unless the court determines on the record by clear and convincing evidence that the parenting time terms are not in the best interests of the child."). Her argument is limited to challenging the May 3, 2021 order, which, again, was an order to enforce the parenting-time provision of the consent judgment of divorce.

becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Id*. at 450 (quotation marks and citation omitted).

The parenting time at issue was supposed to occur in May 2021. Defendant did not make SAT available for the parenting time. Hence, the parenting time never occurred. On June 9, 2021, the trial court granted plaintiff's motion to change custody. Plaintiff has been awarded sole physical and legal custody of SAT. For the reasons explained earlier, we are affirming the June 9, 2021 order.[6] Given all these events, any ruling regarding whether it was in SAT's best interest to have parenting time with plaintiff in May 2021 would not have a practical legal effect on the existing controversy.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto

---

[6] There is no indication that the June 9, 2021 order has been enforced. Defendant and SAT have lived in Mexico since March 2019, and defendant has repeatedly refused to produce SAT for plaintiff's parenting time.